IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                              Case Nos. 16-CR-10082-1-JTM

RAISHAT MCGILL,

      Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Raishat McGill's pro se motion for extension of time to file a motion under 28 U.S.C. § 2255 (Dkt. 93). Defendant requests additional time because he is incarcerated in a facility with excessive violence and numerous lock-downs, which has limited his access to the law library.

The court lacks authority to extend the deadline for filing a timely § 2255 motion except for the reasons Congress expressly provided under Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Washington v. United States*, 221 F.3d 1354, 2000 WL 985885, at *1 (10th Cir. 2000); *United States v. Ailsworth*, No. 94-40017-01-SAC, 1999 WL 1021073, at *3 (D. Kan. Sept. 29, 1999). Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[A]ny extension of this time period contravenes Congress's clear intent to accelerate the federal habeas process." *Washington*, 2000 WL 985885 at *2.

Judgment was entered on April 14, 2017, and defendant's motion is dated April 17, 2018. While the court is sympathetic to defendant's situation, an extension of the 1-year period is not authorized by statute under these circumstances. Therefore, defendant's request for an extension is denied.

IT IS THEREFORE ORDERED this 11th day of May, 2018, that defendant's motion for extension of time to file a motion under 28 U.S.C. § 2255 (Dkt. 93) is denied.

                                                  s/ J. Thomas Marten
                                                  J. THOMAS MARTEN, JUDGE