IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                              No. 16-10082-01, -03-JTM

RAISHAT MCGILL and ELIJAH SHELTON,
    Defendants.

MEMORANDUM AND ORDER

Defendants Raishat McGill and Elijah Shelton present similar arguments in separate 28 U.S.C. § 2255 motions. McGill and Shelton were convicted, along with co-defendant Andre Bryant, of brandishing a firearm during a Wichita, Kansas bank robbery. In exchange for their guilty pleas, the government dismissed Count 1 of the Indictment, charging bank robbery in violation of 18 U.S.C. § 2113(a). Defendants were convicted of Count 2 of the Indictment, which charged the defendants had used, carried and brandished a firearm during the robbery in violation of 18 U.S.C. § 924(c)(1)(A).

**Defendant Raishat McGill**

McGill argues that robbery is not a "crime of violence" in light of *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). It is correct that the "residual clause" of 18 U.S.C. §

924(c)(3)(B) has been found to be unconstitutionally vague in the wake of *Dimaya. See United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018). However, bank robbery squarely falls within the separate "elements clause" of 18 U.S.C. § 924(c)(3)(A) and U.S.S.G. § 4B1.2(a)(1). *See United States v. Deiter*, 890 F.3d 1203, 1213-14 (10th Cir. 2018) (Tenth Circuit decisions determining that bank robbery is a crime of violence " align with every circuit to have addressed the issue"); *United States v. Smith*, 730 Fed.Appx. 710 (10th Cir. 2018) (bank robbery falls within the elements clause, which "is identical to that contained in the Guidelines"); *United States v. McCranie*, 889 F.3d 677, 681 (10th Cir. 2018).

By supplemental pleading (Dkt. 106), McGill also points to the recent Supreme Court case of *United States v. Davis*, 139 S.Ct. 2319 (2019). But *Davis* only dealt with the residual clause under § 924(c)(3)(B); it does not affect the validity of a conviction under the elements clause of § 924(c)(3)(A). *See Morgan v. United States*, 2019 WL 3293846, at *4 (E.D. Tenn. July 22, 2019) ("Petitioner's criminal conduct qualified him for enhanced sentencing on his § 924(c) conviction … based on the 'elements clause'" of the statute); *Jones v. Warden, FMC Lexington*, No. 5:18-CV-465-CHB, 2019 WL 3046101, at *4 (E.D. Ky. July 11, 2019) ("because the Court finds that Jones' Hobbs Act conviction qualifies as a 'crime of violence' under the 'use-of-force' clause of § 924(c)(3)(A), *Davis* does not apply to him").

Here, McGill and his co-defendants were charged with robbery of the Carson Bank of Wichita, Kansas, an FDIC insured financial institution, by force, violence and intimidation. (Dkt. 1, at 1). Two persons entered the bank, one of whom brandished a

firearm. (Dkt. 63, at 2). Using a GPS tracking device located in the $22,159 stolen from the bank, investigators located a vehicle containing a handgun, walkie talkie, and clothing similar to that used in the robbery. The defendants were found hiding nearby. In between the vehicle and the defendants, police found a black bag containing the stolen currency and another handgun. In his Plea Agreement, McGill stated that he did not enter the bank but acted as the get away driver. But he specifically agreed that he committed bank robbery, and that during the course of the robbery—in person or as an aider and abettor—he brandished a firearm. (*Id.*) Given the defendant's active participation in the crime of bank robbery, he was properly convicted of the firearms charge under § 924(c).

McGill next argues that he entered a plea to using or carrying a firearm, but not to the brandishing of one during the robbery. Paragraph 1 of the Plea Agreement, it is true, does not contain the word "brandish." But the Indictment specifically alleges that the defendants "knowingly used, carried and brandished a firearm" during the robbery. (Dkt. 31, at 2). And in Paragraph 2 of the Plea Agreement, McGill "admits, in principal or as an aider and abettor, to *brandishing* a firearm during the robbery." (Dkt. 63, at 2) (emphasis added). The Plea Agreement and the Indictment fully informed the defendant of the nature of the charge against him, as did the Presentence Investigation Report (PSIR) (to which McGill filed no objection), which calculated his sentence on the basis of brandishing the firearm. (Dkt. 71, ¶ 37). Given this background, no real ambiguity exists in the plea, and the defendant was properly convicted of the charged offense.

3

**Defendant Elijah Shelton**

Shelton presents two arguments. First, like McGill, he argues that his § 924(c) conviction cannot be sustained because the underlying robbery is not a "crime of violence." Second, McGill argues that, because the first paragraph of the Plea Agreement did not expressly state that the firearm had been brandished during the robbery, the Agreement is so vague and ambiguous that his conviction should be reversed. (Dkt. 96).

The court finds that these arguments are foreclosed for the reasons previously set forth. Shelton was charged with, and pled guilty to, aiding and abetting the crime of bank robbery, which is a crime of violence under 18 U.S.C. § 924(c)(3)(A). Further, in the course of the allegedly ambiguous Plea Agreement, Shelton specifically "admits, in principal or as an aider and abettor, to brandishing a firearm during the robbery of the Carson Bank in Wichita, KS." (Dkt. 66, at 2). As with defendant McGill, Shelton's PSIR repeatedly states that the robbers had brandished a firearm during the Carson Bank robbery. (Dkt. 70, at 1 n. 1, ¶¶ 5, 14, 35, 37), and explicitly calculated his sentence under USSG § 2K2.4 as appropriate "because a firearm was brandished." Defendant Shelton reviewed the PSIR and had no objection to it. (*Id*. at ¶ 22). No meaningful ambiguity exists. The defendant was aware of the sentence to be imposed under the Guidelines for brandishing a weapon, and defendant knowingly and voluntarily pled guilty to the offense of conviction.

IT IS ACCORDINGLY ORDERED this day of July, 2019, that the Defendant's Motions to Vacate (Dkt. 95, 96) are denied. Further, because they would in no event alter

4

the ultimate outcome, Defendant McGill's Motions to Supplement and for Appointment of Counsel (Dkt. 104, 106) are also denied.

s/ J. Thomas Marten
J. Thomas Marten, Judge