IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                               No. 16-10082-01-JTM

RAISHAT MCGILL,
    Defendant.

MEMORANDUM AND ORDER

Defendant Raishat McGill has presented a "Petition for Reconsideration" (Dkt. 111) asking the court to reconsider its Memorandum and Order filed July 25, 2019 which denied his motion to vacate under 28 U.S.C. § 2255. McGill along with his co-defendants, Elijah Shelton and Andre Bryant, pled guilty to brandishing a firearm during a Wichita, Kansas bank robbery. In exchange for their guilty pleas, the government dismissed Count I of the Indictment against them, which had charged bank robbery in violation of 18 U.S.C. § 2113(a). Defendants were then convicted on Count 2 of the Indictment, which charged that defendants "knowingly used, carried, and brandished a firearm during and in relation to a crime of violence …, that is: Bank Robbery … as charged in Count I of this Indictment" in violation of 18 U.S.C. § 924(c)(1)(A) (Dkt. 31, p. 2). McGill was sentenced pursuant to the terms of his Plea Agreement on April 14, 2017 to a term of 84 months in prison followed by three years of supervised release. (Dkt. 82).

Over one year after his sentencing McGill filed a Motion to Vacate under 28 U.S.C. § 2255, supplemented by later pleadings, in which he argued that he could not have been convicted of a violation of § 924(c)(1)(A) because the bank robbery charged in Count I of the indictment was not a "crime of violence" in light of recent Supreme Court decisions in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) and *United States v. Davis*, 139 S.Ct. 2319 (2019). The court rejected that argument, noting that although *Sessions* and *Dimaya* held the residual clause of § 924(c)(3)(B) to be unconstitutionally vague, those decisions had left the separate "elements clause" of § 924(c)(3)(A) intact. (*See* Dkt. 107). The court explained that the offense of bank robbery with which McGill had been charged fell squarely within the elements clause under Tenth Circuit precedent. Because McGill was charged with bank robbery, a crime of violence, and admitted that he was an active participant in the crime, his conviction under 18 U.S.C. § 924(c) was proper. (*See id.*).

McGill styles his petition as a motion for reconsideration pursuant to Fed.R.Civ.P. 60(b), which provides that a court may relieve a party from final judgment under certain circumstances, including mistake or newly discovered evidence. McGill advances several arguments that the court "misapprehended" either the facts of his case or the law applicable to those facts:

    a. He could not have been convicted under the §924(c) firearm charge when he was not convicted for bank robbery under 18 U.S.C. §2113 and he was not

admonished during the plea colloquy that he was being charged as a principal pursuant to 18 U.S.C. § 2;

b. His "low level intelligence" and dyslexia make it "highly improbable" that the elements of the charges against him were properly explained during the plea colloquy;

c. He could not have been convicted under § 924(c) because he never personally brandished a firearm during the offense; and

d. He could not have been convicted of brandishing a firearm under § 924(c) on an aiding and abetting theory because both the Indictment and Plea Agreement reference 18 U.S.C. §2, indicating that defendant was being charged as a principal.

(Dkt. 111, 1-2).

A motion to reconsider is appropriate when the court has obviously misunderstood a party's position, the facts or the law, or decided issues outside of what had been presented. *Voelkel v. General Motors Corp.*, 846 F.Supp 1482, 1483 (D. Kan. 1994), *aff'd* 43 F.3d 1484 (10th Cir. 1994). It "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Id.* (citations omitted). McGill's arguments are either reiterations of arguments made in his § 2255 motion or arguments that were within defendant's knowledge and could have been made at that time. McGill has presented no new evidence that was unavailable to him during prior

proceedings, nor has he shown that the court misunderstood the facts, his position, or the controlling law.

Further, regardless of its title McGill's petition for reconsideration is really a second § 2255 motion. "[A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 2651 (2005)). A "true" 60(b) motion challenges only (1) a procedural ruling of the court which would have precluded a merit-based determination of the 2255 motion, or (2) a defect in the integrity of the proceeding, provided that challenge would not lead to a merit-based attack on the court's prior decision. *Id.* at 1215-16 (citing *Gonzalez*, 125 S.Ct. at 2648).

Examples of Rule 60(b) motions that should be treated as successive 2255 motions are: (a) a motion presenting a claim of constitutional error omitted from the initial petition; (b) a motion seeking to present newly discovered evidence to advance the merits of a previously denied claim; or (c) a motion challenging the habeas court's previous ruling on the merits of a claim. *Id.* at 1216. Those examples can be contrasted with examples of motions making only procedural attacks, such as arguing that a petition was incorrectly dismissed because of failure to exhaust other remedies or the statute of limitations. *Id.* Here, McGill's arguments are either claims of constitutional error that were not included in his original § 2255 motion or arguments challenging the court's

4

previous rulings on the merits of his claims. The court therefore concludes that McGill's motion is a second 2255 motion and not a true Rule 60(b) motion for reconsideration.

A second or successive motion under 28 U.S.C. § 2255 must be certified by a panel of the Tenth Circuit Court of Appeals to either contain newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense, or to show that a new rule of constitutional law has been made retroactive to cases on collateral review that was previously unavailable. 28 U.S.C. § 2255(h). McGill has not obtained the required certification. When a second § 2255 claim is filed in this court without the required Tenth Circuit authorization, the court may either dismiss the motion for lack of jurisdiction or transfer the matter to the Tenth Circuit if it determines under 28 U.S.C. § 1631 that a transfer is in the interest of justice. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

The court finds that a transfer here would not serve the interest of justice because the petition fails on its face to satisfy any of the authorization standards in § 2255(h). *See id.* ("Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization."). The matter will therefore be dismissed for lack of jurisdiction as an unauthorized, successive § 2255 motion. The court further declines to grant an evidentiary hearing, because the petition does not set forth a valid claim for relief. *See U.S. v. Miller*, 20 Fed. Appx. 800, 802 (10th Cir. 2001) ("In

a § 2255 proceeding, the district court is not required to grant an evidentiary hearing on a prisoner's claims where 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief….'") (citing 28 U.S.C. § 2255).

It is therefore ordered this 5th day of September, 2019, that McGill's Petition for Reconsideration (Dkt. 111) is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.

/s/J. Thomas Marten
The Honorable J. Thomas Marten
United States District Court