IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICAN,
     Plaintiff,

vs.                                                         No. 16-10082-JTM

RAISHAT MCGILL,
     Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Raishat McGill's Motion for Compassionate Release (Dkt. 125) under 18 U.S.C. § 3582 based on potential exposure to the covid-19 virus. The government has responded, arguing that McGill failed to exhaust his administrative remedies, and that in any event he has failed to show good cause for compassionate release. Separately, McGill has asked for appointment of counsel, and has moved to stay the proceedings for further administrative action, in the event the court were to dismiss the motion on that basis.

This court has recently addressed the standards applicable to requests for compassionate release based upon hypothetical exposure to the covid-19 virus. *See United States v. Rodarmel*, No. 15-10105-02, Dkt. 71, at 3-4 (D. Kan. June 1, 2020; *United States v. Davis*, No. 03-10157-01, Dkt. 247, at 5-6 (D. Kan. June 5, 2020). The court adopts and incorporates the analysis in those cases—including the determination that a generalized fear of the covid-19 virus does not constitute a basis for release from

confinement under § 3582, and the conclusion that only the Bureau of Prisons has authority under the CARES Act to authorize home confinement.

Although McGill has asthma and elevated blood pressure, there is nothing in the record to show that these are not successfully controlled by medication and treatment. *See Davis*, Order at 5-6 (release not warranted where defendant's medical conditions—which included asthma and high blood pressure--appeared "well-controlled within the BOP environment" and were not "a serious physical condition that would substantially diminish [his] ability to provide self-care within the BOP environment"). Here, McGill has failed to show that there is a specific danger from infection from covid-19 in the place where he is incarcerated, or that he suffers from a major life-threating condition which makes him particularly vulnerable to the virus.

The court concludes that the defendant is not entitled to compassionate release. Appointment of counsel is not warranted, as the court would reach the same conclusion with or without representation. Because the court finds no merit in the § 3582 motion, further delay in the proceedings would not advance the interests of justice.

IT IS ACCORDINGLY ORDERED this day of June, 2020, that defendant McGill's Motion to Reduce Sentence (Dkt. 125 and for Appointment (Dkt. 124) are denied; defendant's Motion to Stay Pending Further Administrative Action (Dkt. 127) is denied as moot.

*J. Thomas Marten*
J. Thomas Marten, Judge